{¶ 26} I respectfully dissent, would sustain the First Assignment of Error, remand for a new trial and dismiss the Second Assignment of Error because of the admission into evidence of testimony by Trooper Buxton of the contents of the LEADS information without such printout being accepted into evidence.
 {¶ 27} In State v. Williams (1983), 6 Ohio St.3d 281, syllabus paragraph six, the Ohio Supreme Court held that "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt.
 {¶ 28} The test for determining whether the admission of inflammatory or otherwise erroneous evidence is harmless and non-constitutional error requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. State v. Davis (1975), 44 Ohio App.2d 335, 347. If there is substantial evidence, the conviction should be affirmed, but if there is not other substantial evidence, then the error is not harmless and a reversal is mandated.
 {¶ 29} This Court has previously ruled in State v. Straits
(Oct. 1, 1999), Stark App. No. 99CA7, that printouts from LEADS constitutes hearsay as they do not fall within Evid. Rule 803(8) and that information therefrom is only admissible to establish the state of mind of the officer in his investigative actions, not to prove the truth of matters contained therein.
 {¶ 30} I do not agree that this Court's opinion in State v.Huscusson, supra, as relied upon by the majority, supports the admission of hearsay statements by the officer as in State v.Huscusson, supra, the LEADS data was admitted, while in the case sub judice, it was not accepted into evidence.
 {¶ 31} Identity came from the LEADS data and other evidence as to the identity of Appellant in relation to the prior convictions was offered and, as stated, the LEADS printout was not admitted.
 {¶ 32} While I am reluctant to state an abuse of discretion occurred, we must find that the officer's reliance on the hearsay evidence of the LEADS information as to identity of Appellant in relation to the prior convictions was erroneous hearsay and, as there was no other evidence offered as to his identity, his Constitutional right to confrontation was denied.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of conviction of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to Appellant.